[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Davis,* Slip Opinion No. 2020-Ohio-309.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-309

THE STATE OF OHIO, APPELLEE, *v*. DAVIS, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Davis,* Slip Opinion No. 2020-Ohio-309.]

*Criminal law—Ineffective assistance of counsel—When defense counsel fails to request that the trial court waive court costs on behalf of a defendant who has previously been found to be indigent, a determination of prejudice in an ineffective-assistance-of-counsel analysis depends on whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive court costs had one been made—Court of appeals' judgment reversed and cause remanded.*

(No. 2018-0312—Submitted March 5, 2019—Decided February 4, 2020.)

CERTIFIED by the Court of Appeals for Licking County,

No. 2017-CA-55, 2017-Ohio-9445.

_____

**FISCHER, J.**

{¶ 1} In this certified-conflict case, we are asked to determine whether trial counsel's failure to file a motion to waive court costs at a defendant's sentencing hearing constitutes ineffective assistance of counsel when the defendant has previously been found indigent. We decline to answer the certified-conflict question in either the affirmative or the negative. Rather, a court's finding of ineffective assistance of counsel depends on the facts and circumstances in each case. *See Strickland v. Washington*, 466 U.S. 668, 688-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We hold that when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in *Strickland*, for determining whether a defendant received ineffective assistance of counsel. If a court analyzes the prejudice prong, then it must consider the facts and circumstances of the case objectively to determine whether the defendant established the necessary prejudice sufficient to support that claim—i.e., but for counsel's deficient performance, there exists a reasonable probability that the result of the proceeding would have been different.

## I. Background

{¶ 2} A jury found appellant, Benjamin A. Davis, guilty of assaulting a peace officer, a violation of R.C. 2903.13(A) and (C)(5). At Davis's sentencing hearing, the trial court imposed a prison term among other penalties and assessed court costs against Davis. Despite Davis's indigent status, defense counsel did not request that the trial court waive Davis's court costs.

{¶ 3} Davis appealed the judgment. He asserted that his trial counsel was ineffective for failing to request that the trial court waive Davis's court costs. To support his argument, Davis relied on *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861, in which the Eighth District Court of Appeals reaffirmed

its decision in *State v. Gibson*, 8th Dist. Cuyahoga No. 104363, 2017-Ohio-102, and stated that "a prior finding by the trial court that a defendant was indigent demonstrated a reasonable probability that the trial court would have waived costs had counsel made a timely motion," *Springer* at ¶ 46.

{¶ 4} The Fifth District, in analyzing Davis's ineffective-assistance-of-counsel claim, rejected the Eighth District's rationale in *Springer*. Recognizing that *Gibson* relied on *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, an opinion from this court that predated the enactment of R.C. 2947.23(C)—which allows a trial court to waive the costs of prosecution at any time after sentencing—the Fifth District determined that Davis was "not prejudiced by trial counsel's failure to request waiver of costs at sentencing because he [was] not foreclosed from filing a request at a later time." 2017-Ohio-9445, ¶ 31. The Fifth District thus determined that "the basis for a finding of ineffective assistance of counsel for failure to request that waiver no longer exists." *Id.*

{¶ 5} Subsequently, the Fifth District certified a conflict between its judgment and the Eighth District's judgment in *Springer*. This court accepted the following conflict question for review: " 'Is trial counsel's failure to file a motion to waive court costs at sentencing ineffective assistance of counsel when defendant has previously been found indigent?' " 152 Ohio St.3d 1441, 2018-Ohio-1600, 96 N.E.3d 297, quoting the court of appeals' February 13, 2018 judgment entry.

## II. Analysis

### A. Davis's right to assert ineffective assistance of counsel

{¶ 6} As a preliminary issue, the second dissenting opinion raises a concern over whether Davis has a constitutional right to assert ineffective assistance of counsel based on defense counsel's failure to request a waiver of court costs. We recognize that this issue was not raised by either party. Without either party having preserved that argument and without briefing, we decline to hold in this case that a

defendant has no right to assert an ineffective-assistance claim based on counsel's failure to request a waiver of court costs.

{¶ 7} We recognize that court costs are not punishment, *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15, *superseded by statute as stated in State v. Braden*, __ Ohio St.3d __, 2019-Ohio-4204, __ N.E.3d __, and are thus not a part of a sentence, *State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, 130 N.E.3d 247, ¶ 14. However, under R.C. 2947.23(A)(1)(a), the General Assembly has nevertheless ordered trial courts to include the costs in an offender's sentence and judgment. Because R.C. 2947.23 costs are imposed at sentencing and because sentencing is a critical stage in which a felony offender has a right to counsel, *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶ 15, *see also Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), an ineffective-assistance-of-counsel claim regarding counsel's failure to request a waiver of costs may be raised on appeal, as they are a particular result of the sentencing process. To hold otherwise would permit the parsing of the right to effective counsel to particular instances rather than to critical stages of proceedings. We decline to adopt such a ruling without the benefit of argument and briefing.

{¶ 8} We acknowledge the second dissenting opinion's concern regarding the impact of this interpretation on R.C. 2947.23(C) motions that are made after sentencing. But the treatment of those motions need not be addressed in this opinion. The only issue currently before this court is determining the correct analysis for whether defense counsel may be found ineffective for failing to a request a waiver of an indigent client's court costs.

{¶ 9} Therefore, we proceed to address the certified-conflict question.

*B. Appellate courts must apply the test announced in* Bradley

{¶ 10} In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the

defendant was prejudiced by counsel's deficient performance. *Bradley*, 42 Ohio St.3d at 141-142, 538 N.E.2d 373; *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Thus, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *See Bradley* at paragraphs two and three of the syllabus. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id*. at 142, quoting *Strickland* at 694.

{¶ 11} The conflict cases address the same question but reach different results, specifically as to the prejudice prong of the ineffective-assistance-of-counsel test. In *Springer*, the Eighth District determined that " 'it is nearly impossible to establish prejudice as a result of counsel's failure to move for a waiver of costs at sentencing' because under R.C. 2947.23(C), as amended in 2013, trial courts now retain jurisdiction to waive, suspend or modify the payment of court costs at any time." 2017-Ohio-8861 at ¶ 45, quoting *State v. Mihalis*, 8th Dist. Cuyahoga No. 104308, 2016-Ohio-8056, ¶ 33. The court found, however, that a narrow exception applied for indigent defendants: "a prior finding by the trial court that a defendant was indigent demonstrated a reasonable probability that the trial court would have waived costs had counsel made a timely motion." *Springer* at ¶ 46. After determining that counsel's performance was deficient and that Springer was prejudiced by counsel's deficient performance, the court determined that Springer had received ineffective assistance of counsel. *Id.*

{¶ 12} The Fifth District, on the other hand, rejected the argument that defense counsel was ineffective for failing to request that the trial court waive Davis's court costs due to demonstrated indigency, relying solely on the prejudice prong of the ineffective-assistance-of-counsel analysis. 2017-Ohio-9445 at ¶ 31; *see also State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) ("A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need

to consider the other"). The Fifth District determined that Davis was "not prejudiced by trial counsel's failure to request waiver of costs at sentencing because he [was] not foreclosed from filing a request at a later time." 2017-Ohio-9445 at ¶ 31.

{¶ 13} R.C. 2947.23(A)(1)(a) requires a trial court to impose the costs of prosecution against all convicted criminal defendants. *White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, at ¶ 14. While the imposition of those costs is mandatory, the court may waive the payment of all costs when the defendant is determined to be indigent. *Id.*; *see also* R.C. 2743.70, 2949.091, and 2949.092. R.C. 2947.23(C) permits the trial court "to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."

{¶ 14} An appellate court's reliance on the fact that a defendant may move for a waiver of costs at a later time under R.C. 2947.23(C) in its prejudice analysis is improper. Whether the defendant may move for a waiver of court costs at a later time has little or no bearing on whether the trial court would have granted a motion to waive court costs at the time of sentencing. The enactment of R.C. 2947.23(C) did not change how courts of appeals should evaluate the prejudice prong of the ineffective-assistance-of-counsel analysis. The analysis remains the same: a court must review the facts and circumstances of each case objectively and determine whether the defendant demonstrated a reasonable probability that had his counsel moved to waive court costs, the trial court would have granted that motion.

{¶ 15} To evaluate whether a defendant has been prejudiced, as part of an ineffective-assistance-of-counsel claim, a court does not assess whether the defendant was simply harmed by counsel's alleged deficient performance. More specifically, the court does not analyze whether the defendant has been required to pay court costs at a given moment, *see, e.g.*, *State v. Cowan*, 7th Dist. Columbiana No. 18 CO 0010, 2019-Ohio-2691, ¶ 59, or even whether the defendant has the

ability to have court costs waived in the future. Furthermore, a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so, contrary to the Eighth District's holding in *Gibson*, 2017-Ohio-102, and in *Springer*, 2017-Ohio-8861. *See State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233; *State v. Smith*, 12th Dist. Warren No. CA2010–06–057, 2011-Ohio-1188, ¶ 63-64, *rev'd in part on other grounds*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423 (an indigent defendant fails to show that there is a reasonable probability that the trial court would have waived costs when the trial court made a finding that the defendant had the ability to work and therefore had the ability to pay the costs in the future). The court of appeals, instead, must look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made.

{¶ 16} For these reasons, we answer the certified-conflict question neither in the affirmative nor in the negative. Instead, we conclude that when trial counsel fails to request that the trial court waive court costs on behalf of a defendant who has previously been found to be indigent, a determination of prejudice for purposes of an ineffective-assistance-of-counsel analysis depends upon whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made.

### III. Conclusion

{¶ 17} Because the Fifth District incorrectly analyzed the prejudice prong of the ineffective-assistance-of-counsel analysis in this case, we reverse its judgment and remand the cause to that court so that it may conduct the ineffective-assistance-of-counsel analysis set forth in *Bradley*, 42 Ohio St.3d at 141-142, 538

N.E.2d 373, in accordance with this opinion. *See In re Adoption of P.L.H.*, 151 Ohio St.3d 554, 2017-Ohio-5824, 91 N.E.3d 698, ¶ 33.

Judgment reversed<br>and cause remanded.

O'CONNOR, C.J., and FRENCH, DONNELLY, and STEWART, JJ., concur.

DONNELLY, J., concurs, with an opinion.

KENNEDY, J., dissents, with an opinion.

DEWINE, J., dissents, with an opinion.

––––––––––––––––

**DONNELLY, J., concurring.**

**{¶ 18}** I concur in the majority's decision to reject the categorical ineffective-assistance-of-counsel analyses advocated by the parties and reverse the judgment of the court of appeals. I agree that a reviewing court must objectively consider, on a case-by-case basis, the specific facts and circumstances of a case when determining whether a reasonable probability exists that a sentencing court would have waived a defendant's payment of court costs had such a request been made by defense counsel.

**{¶ 19}** In reviewing those facts and circumstances, courts should be mindful of the true impact that court costs have. Many jurisdictions impose interest and late fees on court costs, thereby multiplying the financial burden on those debtors who are least able to pay. *See, e.g.,* Sara Dorn, *Some Cuyahoga County Municipal Courts Bluff About Their Payment Plans* (Apr. 27, 2017), https://www.cleveland.com/metro/2017/04/some_cuyahoga_county_municipal.html (accessed Oct. 4, 2019) [https://perma.cc/NK5L-RR4X]. Aggressive collection practices against an indigent defendant may result in negative collateral consequences, such as damaging a person's credit, interfering with a defendant's other commitments (like child support), restricting employment opportunities, and otherwise impeding a defendant's rehabilitation and reentry into society. When

coupled with these debilitating collateral consequences, court-costs debt imposes an enduring burden that may sometimes exceed the penalty for the crime. *See* Appleman, *Nickel and Dimed into Incarceration: Cash-Register Justice in the Criminal System*, 57 B.C.L.Rev. 1483 (2016); Development in the Law Policing, *Chapter One Policing and Profit*, 128 Harv.L.Rev. 1723 (2015). The law permits the prison-commissary accounts of those who are incarcerated to be attached, depriving inmates from purchasing necessities and small creature comforts that their meager earnings or family contributions are able to provide. R.C. 2949.14; Ohio Adm.Code 5120-5-03. Thus, the burdens imposed by assessing court costs on indigent defendants are by no means inconsequential.

{¶ 20} As a former trial-court judge, I am keenly aware that certain costs (such as witness-subpoena fees) have been incorrectly assessed against a first-named defendant in a case involving one or more codefendants. An indigent defendant would have no way of knowing whether a cost has been imposed inequitably. Thus, it is incumbent on defense counsel to ensure that any court costs that have been assessed against his or her client are accurate and equitable.

{¶ 21} It is not unreasonable for a client who has already been declared indigent to expect counsel to move for a waiver of court costs at sentencing. The process for doing so is not particularly difficult, but the failure to do so could expose a client to significant financial burdens and subject defense counsel to a claim of professional nonfeasance.

{¶ 22} I agree with the majority's determination that the court of appeals' analysis was improper because whether Davis may move for a waiver of court costs at a later time has little to no bearing on whether the trial court would have granted a motion to waive court costs at the time of sentencing. Because the court of appeals did not apply the correct analysis to Davis's claim for ineffective assistance of counsel, I concur.

_____

**KENNEDY, J., dissenting.**

{¶ 23} This court accepted this case based on a certified conflict that presents the following question: " 'Is trial counsel's failure to file a motion to waive court costs at sentencing ineffective assistance of counsel when defendant has previously been found indigent?' " 152 Ohio St.3d 1441, 2018-Ohio-1600, 96 N.E.3d 297, quoting 5th Dist. Licking No. 17-CA-55 (Feb. 13, 2018). In contrast with the majority's determination that the certified-conflict question cannot be answered with a simple yes or no, I would answer the certified-conflict question in the negative.

{¶ 24} Courts should apply the two-prong test for ineffective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by this court in *State v. Bradley*, 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), to determine whether a defendant has met his burden of demonstrating that counsel was ineffective, *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62, for failing to file a motion to waive court costs. And here, the Fifth District Court of Appeals—like the Eighth District Court of Appeals in the conflict case, *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861—created a bright-line rule for determining whether trial counsel's failure to file a motion to waive court costs at sentencing constitutes ineffective assistance of counsel for a defendant who has previously been found indigent. Because bright-line rules are contrary to *Strickland*, I dissent.

{¶ 25} An application of the prejudice prong of the *Strickland* analysis to appellant Benjamin Davis's case shows that he has failed to demonstrate that he was prejudiced by trial counsel's failure to file a motion to waive court costs at sentencing. Consequently, I would affirm the judgment of the Fifth District but on different grounds.

{¶ 26} Resolution of the certified-conflict question begins with an examination of the underlying facts in this case and in *Springer*. In this case, Davis

argued in the court of appeals that in accordance with *Springer*, a previous determination of indigency by the trial court required the court of appeals to hold that trial counsel was ineffective for failing to request a waiver of court costs at his sentencing hearing. The Fifth District began its analysis by setting out *Strickland*'s two-prong test for ineffective assistance of counsel:

> First, the trial court must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing [that] there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.

2017-Ohio-9445, ¶ 25. The appellate court recognized that to find trial counsel's performance ineffective, Davis needed to establish both prongs of *Strickland*. *Id*. at ¶ 26.

{¶ 27} In rejecting Davis's challenge, the Fifth District considered only the prejudice prong. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (an ineffective-assistance-of-counsel challenge lacking in merit may be expediently disposed of by finding that the defendant failed to establish one of the *Strickland* prongs), citing *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052, 80 L.Ed.2d 674. The Fifth District held, "Because R.C. 2947.23(C) grants [Davis] the ability to seek waiver of costs at any time, including after sentencing, [he] has not been prejudiced by the failure of his counsel to request a waiver at sentencing." 2017-Ohio-9445 at ¶ 27. Therefore, considering only the effect of R.C. 2947.23(C), the

appellate court created a per se rule, holding that trial counsel's failure to file a motion to waive court costs at the time of a defendant's sentencing hearing could never constitute prejudice in an ineffective-assistance-of-counsel claim because the defendant is able to file a motion to waive court costs at any time after sentencing.

{¶ 28} Similar to the Fifth District's analysis, the Eighth District's ineffective-assistance-of-counsel analysis in *Springer* also focused on the prejudice prong: "As to Springer's claim of ineffective assistance of counsel relating to the imposition of costs, he must show that a reasonable probability exists that the trial court would have waived payment of the costs if such motion had been filed." 2017-Ohio-8861 at ¶ 45.

{¶ 29} The *Springer* court held that trial counsel was ineffective for failing to request a waiver of court costs when the trial court had previously found Springer indigent. *Id.* at ¶ 46 ("under such circumstances counsel's failure * * * was deficient and *prejudiced* the defendant" [emphasis added]), citing *State v. Gibson,* 8th Dist. Cuyahoga No. 104308, 2016-Ohio-8056, ¶ 16. Considering only Springer's prior determination of indigency, the Eighth District enforced a per se rule that that prior finding "demonstrate[s] a reasonable probability that the trial court would have waived costs had counsel made a timely motion." *Id*. at ¶ 46, citing *Gibson* at ¶ 16.

{¶ 30} The majority sets forth the two-prong test of *Strickland*. However, neither the Fifth District nor the Eighth District actually applied the *Strickland* test. Each court established a bright-line rule.

{¶ 31} As set forth above, the Fifth District held that a defendant who has previously been found indigent could never be prejudiced by trial counsel's failure to file a motion to waive court costs at sentencing, because R.C. 2947.23(C) permits the defendant to file a motion to waive court costs after sentencing. Conversely, the Eighth District held that a defendant who has previously been found indigent is always prejudiced by trial counsel's failure to file a motion to waive court costs at

sentencing. By creating bright-line rules, however, both courts failed to "consider the totality of the evidence," *Strickland*, 466 U.S. at 695, 104 S.Ct. 2052, 80 L.Ed.2d 674, in determining whether prejudice was established. *See also Lee v. United States*, __ U.S. __, 137 S.Ct. 1958, 1966, 198 L.Ed.2d 476 (2017).

{¶ 32} Therefore, I would answer the certified-conflict question in the negative. When a defendant has previously been found to be indigent, trial counsel's failure to file a motion to waive court costs at sentencing does not constitute per se ineffective assistance of counsel. When reviewing whether a defendant has met his burden of demonstrating that trial counsel was ineffective for failing to file a motion to waive an indigent defendant's court costs, *see Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 62 (defendant has the burden of proof to establish ineffective assistance of counsel), lower courts should apply the two-prong test for ineffective assistance of counsel established in *Strickland*, 687-688, and adopted by this court in *Bradley*, 42 Ohio St.3d at 141-143, 538 N.E.2d 373. And when considering the second prong of the *Strickland* test, courts should review the totality of the evidence. *See Strickland* at 695; *Lee* at __, 137 S.Ct. at 1966.

{¶ 33} Moreover, contrary to the majority's determination, I would not remand this cause to the Fifth District. Davis has the burden to prove that he was prejudiced by trial counsel's failure to file a motion to waive court costs at sentencing. *See Gondor* at ¶ 62. To satisfy the prejudice prong, Davis needed to show that but for trial counsel's error in failing to file the motion to waive court costs at sentencing, there was a reasonable probability that the trial court would have waived court costs at sentencing. *Strickland* at 694. In support of his claim, Davis relies on the Eighth District's opinion in *Springer*, 2017-Ohio-8861, and the fact that the trial court had previously declared him to be indigent. Having rejected the analysis in *Springer*, I would hold that evidence of a prior determination of indigency, standing alone, does not support a finding of prejudice.

{¶ 34} R.C. 2947.23 addresses the imposition of court costs. In *State v. White*, this court held that the plain language of R.C. 2947.23 requires a trial court to impose court costs on all defendants, including those defendants who have been determined to be indigent. 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8, 14. This court further held that it is within the sound discretion of the trial court whether to waive an indigent defendant's court costs. *Id.* at ¶ 14. Therefore, a prior determination that a defendant is indigent, standing alone, does not demonstrate prejudice in an ineffective-assistance-of-counsel claim when trial counsel's sole failure is not filing a motion to waive his client's court costs at the time of sentencing. Based on this record, Davis has failed to satisfy his burden. Therefore, I would affirm the Fifth District Court of Appeals on different grounds.

{¶ 35} I dissent.

_____

**DEWINE, J., dissenting.**

{¶ 36} The majority today remands this case for the court of appeals to decide whether Benjamin A. Davis's rights under the Sixth Amendment to the United States Constitution were violated when his attorney failed to file a motion for a waiver of court costs on the day of Davis's sentencing. I respectfully dissent.

{¶ 37} To start with, Davis's right to effective assistance of counsel could not have been violated in this case because there is no Sixth Amendment right to counsel to ask for a waiver of court costs. "[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance." *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), citing *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Thus, before determining whether to remand for application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the majority should have first asked whether Davis possessed a right to counsel to request a waiver of court costs.

{¶ 38} The answer is most assuredly no. By its terms, the Sixth Amendment guarantees an accused the right "to have the [a]ssistance of [c]ounsel for his defen[s]e" against a "criminal prosecution[]." Once the right to counsel commences through the initiation of a criminal prosecution, it applies to any "critical stage" of the proceedings. *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 212, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008). A stage is critical if appointed counsel is necessary to "guarantee effective assistance at trial." *Id.* at 218 (Alito, J., concurring). The Supreme Court of the United States has never suggested that the right extends beyond the defense of criminal charges to include a right to counsel to seek a waiver of court costs.

{¶ 39} Under Ohio law, a judge "shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). The judge, however, retains jurisdiction to "waive, suspend, or modify" the payment of costs "at the time of sentencing or at any time thereafter." R.C. 2947.23(C). Court costs are not a criminal sanction but rather a civil obligation that "may be collected only by the methods provided for the collection of civil judgments." *Strattman v. Studt*, 20 Ohio St.2d 95, 103, 253 N.E.2d 749 (1969). Because court costs are a civil matter, the Sixth Amendment right to counsel "for defen[s]e" against a "criminal prosecution[]" simply does not apply.

{¶ 40} Indeed, if one accepts the majority's premise that there is a right to counsel to seek a waiver of court costs, there is no plausible justification to limit that right to the time of a defendant's sentencing. If such a right is really guaranteed by the federal Constitution, then the defendant has the right to counsel whenever he decides to ask for a waiver of court costs.

{¶ 41} That there is no Sixth Amendment right to counsel to ask for a waiver of court costs is not to say that counsel has no duty to advise his client about court costs and a possible waiver—counsel is always bound to provide "competent representation" to his client. *See* Prof.Cond.R. 1.1. And it may well be a good idea

as a policy matter for state and county public-defender offices to instruct appointed counsel to seek a waiver of court costs for indigent clients unless there are good reasons not to do so. But nothing in the Sixth Amendment requires that counsel be provided for that purpose. At the very least, before remanding for an assessment whether Davis was prejudiced by his counsel's failure to file a motion to waive court costs at sentencing, the majority should consider whether the Sixth Amendment even guarantees such a right.

{¶ 42} The majority protests that neither party has properly preserved the issue about the existence of a right to counsel to seek a waiver of court costs. But there is no way to determine whether Davis suffered a constitutional deprivation when his counsel failed to request a waiver without first determining whether the Constitution guarantees him a right to counsel for that purpose. As we have explained:

> When an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue. To put it another way, if we must resolve a legal issue that was not raised below in order to reach a legal issue that was raised, we will do so.

*Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279, 617 N.E.2d 1075 (1993). This is such a case. If there is no right to counsel to ask for a waiver of court costs, it is nonsensical to remand to ask if that right was violated. And if the majority's concern is a lack of briefing, it would be far better for it to order additional briefing on the matter than to blithely presume the existence of a previously unrecognized constitutional right.

{¶ 43} Furthermore, even setting aside the questionable underpinnings of the majority's opinion, Davis has suffered no prejudice of a type that calls for a

remand. As mentioned, a convicted criminal defendant has the option to ask a trial court to "waive, suspend, or modify" the payment of court costs "at the time of sentencing or *at any time thereafter*." (Emphasis added.) R.C. 2947.23(C). So, if Davis is successful in the remand ordered by the majority, what he will get is no more than what he already has.

**{¶ 44}** Indeed, we recently rejected an argument similar to the one that prevails today. In *State v. Beasley*, the trial court did not mention court costs during the sentencing hearing but imposed them in its entry. *State v. Beasley*, 153 Ohio St. 3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 263. Beasley asked this court to order a remand, but we refused. *Id*. We held that a remand was not necessary in order for Beasley to file a motion to waive costs because R.C. 2947.23(C) already allowed him to do so. *Id*. at ¶ 265. Based on the majority's decision today, *Beasley* was wrongly decided.

**{¶ 45}** Finally, I agree with much of the first dissent's analysis. The record does not demonstrate a reasonable probability that the trial court would have waived court costs had it been requested to do so. But I see no need to get to this issue. Because there is no Sixth Amendment right to counsel to request a waiver of court costs, Davis has not suffered a deprivation of his constitutional rights.

––––––––––––––––––

William Hayes, Licking County Prosecuting Attorney, and Clifford J. Murphy, Assistant Prosecuting Attorney, for appellee.

Anzelmo Law and James A. Anzelmo; and Durst Law Firm and Alexander J. Durst, for appellant.

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant Public Defender, urging reversal for amicus curiae, Office of the Ohio Public Defender.

––––––––––––––––––