[Cite as *State v. Ramsey*, 2020-Ohio-3107.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ROBERT J. RAMSEY | : | Case No. 17-CA-76 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    On Remand from the Supreme Court
of Ohio, Case No. 2018-1225


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    May 21, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL J. BENOIT                          JAMES A. ANZELMO
20 South Second Street                    446 Howland Drive
Fourth Floor                              Gahanna, OH  43230
Newark, OH 43055

*Wise, Earle, J.*

{¶ 1}   On remand from the Supreme Court of Ohio.  *State v. Ramsey,* --- N.E.3d --- , 2020-Ohio-708, rev'd and remanded on the authority of *State v. Davis*, --- N.E.3d --- , 2020-Ohio-309.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 30, 2017, the Licking County Grand Jury indicted appellant on one count of aggravated possession of drugs in violation of R.C. 2925.11, one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041, one count of having a weapon while under disability in violation of R.C. 2923.13, and one count of illegal manufacture of drugs in violation of R.C. 2925.04.

{¶ 3}   A bench trial was scheduled for July 26, 2017.  On the morning of trial, appellant pled guilty to the possession and disability counts.  The remaining charges proceeded to trial.  The trial court found appellant guilty as charged.

{¶ 4}   Prior to sentencing, appellant filed a motion to dismiss his counsel, claiming his counsel was ineffective.  The trial court denied the motion.  By judgment entry filed September 11, 2017, the trial court sentenced appellant to an aggregate term of five years in prison and ordered him to pay court costs and a $7,500.00 fine.  The fine was suspended due to appellant's indigence.

{¶ 5}   Appellant filed an appeal wherein he argued in part his trial counsel was ineffective for failing to request a waiver of court costs.  In our opinion filed June 18, 2018, *State v. Ramsey,* 5th Dist. Licking No. 17-CA-76, 2018-Ohio-2365, we disagreed, finding the following at ¶ 45-46:

In *State v. Davis,* 5th Dist. Licking No. 17-CA-55 (Dec. 20, 2017), ¶ 27, this court reviewed this exact issue and determined the following:

> We find no merit in Appellant's allegation that he received ineffective assistance of counsel as a result of his attorney failing to request that the trial court waive court costs.  Because R.C. 2947.23(C) grants appellant the ability to seek waiver of costs at any time, including after sentencing, Appellant has not been prejudiced by the failure of his counsel to request a waiver at sentencing.

> We note this court's decision in *Davis* has been accepted for review by the Supreme Court of Ohio upon certification of a conflict with the decision in *State v. Springer,* 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861.

{¶ 6}   In the *Springer* case, the Eighth District relied on its prior opinion in *State v. Gibson,* 8th Dist. Cuyahoga No. 104363, 2017-Ohio-102, ¶ 16:

> Here, the trial court's prior finding that Gibson was indigent, and its subsequent finding in the journal entry of sentencing that Gibson was indigent and appointment of appellate counsel for him, demonstrate a reasonable probability that the trial court would have waived costs had

counsel made a timely motion.  Counsel's failure to seek a waiver of costs based on Gibson's indigency was deficient and prejudiced Gibson.

{¶ 7}   In *State v. Davis*, --- N.E.3d ---, 2020-Ohio-309, ¶ 1, the Supreme Court of Ohio reviewed the *Davis* and *Springer* decisions on the following certified question: "whether trial counsel's failure to file a motion to waive court costs at a defendant's sentencing hearing constitutes ineffective assistance of counsel when the defendant has previously been found indigent."   The Supreme Court declined to answer the question "in either the affirmative or the negative," explaining the following (*Id.*):

Rather, a court's finding of ineffective assistance of counsel depends on the facts and circumstances in each case.  *See Strickland v. Washington*, 466 U.S. 668, 688-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  We hold that when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in *Strickland*, for determining whether a defendant received ineffective assistance of counsel.  If a court analyzes the prejudice prong, then it must consider the facts and circumstances of the case objectively to determine whether the defendant established the necessary prejudice sufficient to support that claim—i.e., but for counsel's deficient performance, there exists a

reasonable probability that the result of the proceeding would have been different.

{¶ 8}  The Supreme Court of Ohio in *Davis* at ¶ 15 specifically stated "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so."

{¶ 9}  The Supreme Court remanded the *Ramsey* case to this court on the issue of court costs and we will review said issue pursuant to the directives in *Davis*.

ANALYSIS

{¶ 10} The standard this issue must be measured against is set out in *Bradley, supra,* paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 11} "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 12} As quoted by the *Bradley* court at 143, the *Strickland* court at 697 stated the following:

"Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result."

{¶ 13} R.C. 2947.23 governs judgment for costs. Subsection (A)(1)(a) states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall

include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."  However, subsection (C) permits the trial court to retain jurisdiction "to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter."  Therefore, a trial court has discretion to waive the payment of court costs whether a defendant is indigent or not.

{¶ 14} During the sentencing hearing, defense counsel did not request a waiver of the fine and/or court costs.  Nevertheless, the trial court acknowledged the mandatory $7,500.00 fine and imposed it, but suspended the fine because appellant did not have the ability to pay it.  T. at 15.  The trial court assessed court costs and did not waive them.  *Id.*  The trial court went on to ask appellant the following question: "Do you understand that if you cannot afford to hire an attorney or pay the costs of the appeal then I would appoint an attorney to represent you and have the costs of your appeal including the preparation of a transcript paid for from the public funds?"  T. at 17.  Appellant answered in the affirmative and informed the trial court that he wished to speak to an attorney about filing an appeal.  *Id.*  The trial court appointed appellant an attorney and ordered the transcripts at state expense.  Judgment Entries filed September 13, and December 11, 2017.

{¶ 15} At the time of sentencing, the trial court was cognizant of appellant's indigency status and specifically decided to waive the payment of the fine imposed, but not the court costs.  Appellant relies on the trial court's finding that he was indigent and appointed him defense counsel and waived the payment of the fine to support his argument that there was a reasonable probability that the trial court would have waived costs if a motion had been made.  In support, appellant cites the decision in the

*Springer* case which was rejected in *Davis* as noted above in paragraph 8. Appellant has not presented any further facts or circumstances to support a finding that there was a reasonable probability that the trial court would have granted a motion to waive costs had one been made.

{¶ 16} The trial court had the benefit of appellant's presentence investigation report that indicated although appellant was unemployed, he would "sub-contract and work on cars." Appellant does have the ability to earn an income after his release from prison and pay his court costs. We have objectively reviewed the record and find appellant has not established prejudice to support his claim that but for his counsel's failure to make a motion to waive costs, there exists a reasonable probability that the motion would have been granted.

{¶ 17} As this court did in *State v. Eblin,* 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 21, "[w]e considered, as part of this analysis, whether the trial court's denial of such a motion would have been an abuse of discretion and find nothing within the facts and circumstances of this case that would lead us to find that a failure to grant the motion would constitute an abuse." *Accord State v. Stevens,* 5th Dist. Muskingum Nos. CT2019-0059 & CT2019-0060.

{¶ 18} Upon review, we do not find anything that would support the conclusion that there was a reasonable probability that the outcome would have been different had a motion been filed and therefore, we do not find any prejudice to appellant. We do not find any ineffective assistance of counsel on the issue of court costs.

{¶ 19} Assignment of Error III pertaining to court costs as remanded to this court is denied.

{¶ 20} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/db

[Cite as *State v. Ramsey*, 2020-Ohio-3107.]