**[Cite as *State v. Parks*, 2021-Ohio-3946.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28827 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-3046, |
| | : | 2019-CR-2904, 2019-CR-3633 |
| DELON RAVEIL PARKS | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 5th day of November, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Delon Raveil Parks, appeals from a judgment of the Montgomery County Court of Common Pleas, which imposed sentence after he violated his community control sanctions in Montgomery C.P. Nos. 2018-CR-3046, 2019-CR-2904, and 2019-CR-3633. In support of his appeal, Parks contends that his trial counsel provided ineffective assistance by failing to move for the waiver of court costs at sentencing. For the reasons outlined below, the judgments of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} This appeal involves three cases from the Montgomery County Court of Common Pleas: Case Nos. 2018-CR-3046, 2019-CR-2904, and 2019-CR-3633. In Case No. 2018-CR-3046, Parks pled guilty to aggravated possession of drugs, a fifth-degree felony. On July 31, 2019, Parks was sentenced to community control sanctions for that offense. As part of Parks' community control sanctions, the trial court ordered Parks to comply with certain financial obligations, including the payment of court costs. Approximately three months later, the trial court received a notice that Parks had violated the conditions of his community control. On December 31, 2019, Parks admitted to the violation, and the trial court reinstated Parks' community control sanctions with the added condition that Parks complete the MonDay Program.

{¶ 3} On the same day that Parks' community control was reinstated, Parks pled guilty to possession of cocaine, a fifth-degree felony, in Case No. 2019-CR-2904. Parks also pled guilty to aggravated possession of drugs, a third-degree felony, in Case No.

2019-CR-3633. On January 22, 2020, the trial court sentenced Parks to community control sanctions for both of those cases. As part of Parks' community control sanctions, the trial court once again ordered Parks to comply with certain financial obligations, including the payment of court costs. The aggravated possession offense in Case No. 2019-CR-3633 also included a mandatory fine; however, the trial court waived the fine on grounds that Parks was indigent.

{¶ 4} On June 4, 2020, the trial court received notices that Parks had violated the conditions of his community control in all three cases. On June 10, 2020, Parks admitted to all of the alleged violations, and the trial court sentenced him to prison. For Case No. 2018-CR-3046 (aggravated possession of drugs – F5), the trial court imposed 12 months in prison. For Case No. 2019-CR-2904 (possession of cocaine – F5), the trial court also imposed 12 months in prison. For Case No. 2019-CR-3633 (aggravated possession of drugs – F3), the trial court imposed 24 months in prison. The trial court ordered all three sentences to be served concurrently for a total, aggregate term of 24 months in prison. The trial court also ordered Parks to pay court costs. Parks then appealed.

{¶ 5} On appeal, Parks' appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. We rejected Parks' *Anders* brief and appointed new appellate counsel due to the record on appeal being incomplete, as multiple transcripts were not made part of the record. Parks' newly appointed appellate counsel thereafter supplemented the record with the missing transcripts and filed an appellate brief asserting a single assignment of error for our review.

## Assignment of Error

{¶ 6} Under his sole assignment of error, Parks contends that his trial counsel provided ineffective assistance by failing to move for the waiver of court costs at any of the sentencing hearings held in Case Nos. 2018-CR-3046, 2019-CR-2904, and 2019-CR-3633. Specifically, Parks argues that the trial court's decision to waive his mandatory fine at the January 22, 2020 sentencing hearing due to indigency demonstrates a reasonable probability that the trial court would have also granted a motion to waive his court costs. We disagree.

{¶ 7} "[W]hen an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in *Strickland* [*v. Washington*, 446 U.S. 668, 194 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], for determining whether a defendant received ineffective assistance of counsel." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 1. Under that standard, "[i]n order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance." *Id*. at ¶ 10, citing *Bradley* at 141-142 and *Strickland* at 687. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 8} To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Strickland* at 688; *Bradley* at 142. To establish prejudice, a defendant must show that

there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688; *Bradley* at paragraph two of the syllabus. More specifically, "when trial counsel fails to request that the trial court waive court costs on behalf of a defendant who has previously been found to be indigent, a determination of prejudice for purposes of an ineffective-assistance-of-counsel analysis depends upon whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made." *Davis* at ¶ 16.

{¶ 9} "Under R.C. 2947.23, a trial court is required to impose court costs against all convicted defendants, even those who are indigent." *State v. Tucker*, 2d Dist. Montgomery No. 27694, 2019-Ohio-652, ¶ 23, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. The trial court, however, has the discretion to waive court costs if the defendant makes a motion to waive costs. *State v. Swartz*, 2d Dist. Miami No. 2019-CA-17, 2020-Ohio-5037, ¶ 31, citing *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 13. There is no limit on when a defendant can move for a waiver of court costs. *State v. West*, 2d Dist. Greene No. 2015-CA-72, 2017-Ohio-7521, ¶ 31. R.C. 2947.23(C) provides that the trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * *, at the time of sentencing or at any time thereafter."

{¶ 10} The Supreme Court of Ohio in *Davis,* 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560 explained that:

> An appellate court's reliance on the fact that a defendant may move

for a waiver of costs at a later time under R.C. 2947.23(C) in its prejudice analysis is improper. Whether the defendant may move for a waiver of court costs at a later time has little or no bearing on whether the trial court would have granted a motion to waive court costs at the time of sentencing. The enactment of R.C. 2947.23(C) did not change how courts of appeals should evaluate the prejudice prong of the ineffective-assistance-of-counsel analysis. The analysis remains the same: *a court must review the facts and circumstances of each case objectively and determine whether the defendant demonstrated a reasonable probability that had his counsel moved to waive court costs, the trial court would have granted that motion.*

To evaluate whether a defendant has been prejudiced, as part of an ineffective-assistance-of-counsel claim, a court does not assess whether the defendant was simply harmed by counsel's alleged deficient performance. More specifically, the court does not analyze whether the defendant has been required to pay court costs at a given moment * * *, or even whether the defendant has the ability to have court costs waived in the future. *Furthermore, a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so*, contrary to the Eighth District's holding in [*State v. Gibson*, 8th Dist. Cuyahoga No. 104363, 2017-Ohio-102] and in [*State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861]. *See State v. Dean,* 146 Ohio

St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233; *State v. Smith*, 12th Dist. Warren No. CA2010-06-057, 2011-Ohio-1188, ¶ 63-64 (an indigent defendant fails to show that there is a reasonable probability that the trial court would have waived costs when the trial court made a finding that the defendant had the ability to work and therefore had the ability to pay the costs in the future), *rev'd in part on other grounds*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423. ***The court of appeals, instead, must look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made.***

(Emphasis added.) *Davis* at ¶ 14-15. *Accord Swartz*, 2d Dist. Miami No. 2019-CA-17, 2020-Ohio-5037, at ¶ 32.

{¶ 11} As previously noted, Parks argues that the trial court's decision to waive his mandatory fine at the January 22, 2020 sentencing hearing due to indigency demonstrates that there was a reasonable probability that the trial court would have also granted a motion to waive his court costs at any one of his sentencing hearings in Case Nos. 2018-CR-3046, 2019-CR-2904, and 2019-CR-3633. A similar argument was rejected by the Fifth District Court of Appeals in *State v. Ramsey*, 5th Dist. Licking No. 17-CA-76, 2020-Ohio-3107. The appellant in *Ramsey* relied on the trial court's finding that he was indigent and appointed him defense counsel and waived the payment of a mandatory fine to support his argument that there was a reasonable probability that the trial court would have waived court costs if a motion had been made. *Id.* at ¶ 15. In

rejecting that argument, the Fifth District relied on the Supreme Court of Ohio's decision in *Davis* holding that "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *Id.* at ¶ 8 and ¶ 15, quoting *Davis* at ¶ 15.

{¶ 12} After reviewing the record, which included a presentence investigation report ("PSI"), the Fifth District found that although the appellant in *Ramsey* was unemployed, he would "sub-contract and work on cars" and thus "[had] the ability to earn an income after his release from prison and pay his court costs." *Id.* at ¶ 16. Because the appellant in *Ramsey* did not present any further facts or circumstances to support a finding that there was a reasonable probability that the trial court would have granted a motion to waive court costs, the court in *Ramsey* concluded that the appellant failed to establish prejudice and thus denied appellant's ineffective assistance of counsel claim. *Id.* at ¶ 15-19.

{¶ 13} We agree with the aforementioned analysis set forth in *Ramsey*. Therefore, like *Ramsey*, we find that simply because the trial court in this case waived Parks' mandatory fine based on indigency does not by itself create a reasonable probability that the trial court would have granted a motion to waive court costs had one been made during one of Parks' sentencing hearings. Parks has not provided any other facts or circumstances indicating that the trial court would have granted a motion to waive court costs. The PSI established that Parks was only 46 years old at the time of sentencing and was not physically or mentally incapable of working or paying costs in the future. Although the PSI indicated that Parks suffered from "waistline whiplash" due to slipping on black ice, as well as from depression and suicidal ideations, Parks

nevertheless reported being employed at Labor Works since 2019 and at Ohio Energy since 2010. Parks also reported that he was previously employed by Rogers & Sons Construction between 1992 and 2012, that he obtained his GED in 1992, and that he attended community college in 2011 and 2012. Therefore, when considering Parks' ability to work and earn income, it would be at best speculative to find that the trial court would have granted a motion to waive court costs. *See West*, 2d Dist. Greene No. 2015-CA-72, 2017-Ohio-7521, at ¶ 32.

**{¶ 14}** For the foregoing reasons, we find that Parks failed to establish any prejudice arising from his trial counsel's failure to move for a waiver of court costs at sentencing. Because Parks failed to establish prejudice, his ineffective assistance of counsel claim lacks merit.

**{¶ 15}** Parks' sole assignment of error is overruled.

## Conclusion

**{¶ 16}** Having overruled Parks' assignment of error, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Jeffrey T. Gramza
Delon Raveil Parks

Hon. Dennis J. Adkins