[Cite as *State v. Watts*, 2021-Ohio-4548.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-04-042 |
| - vs - | : | O P I N I O N<br>12/27/2021 |
| | : | |
| CHRISTOPHER WATTS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR37192

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Anzelmo Law, and James A. Anzelmo, for appellant.

**HENDRICKSON, J.**

{¶1} Appellant, Christopher Watts, appeals the sentence he received in the Warren County Court of Common Pleas after pleading guilty to aggravated possession of drugs. For the reasons that follow, we affirm appellant's sentence.

{¶2} On February 11, 2021, appellant pled guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fourth degree. The trial

court ordered that a presentence investigative report (PSI) be prepared. Subsequently, on April 7, 2021, the trial court sentenced appellant to three years of community control. Appellant was ordered to complete a community based correctional facility program, follow all aftercare recommendations, complete an inpatient drug treatment program, and reimburse $150 to the Springboro Police Department. The trial court declined to impose a fine on appellant but ordered him to pay the costs of prosecution, finding that appellant was "reasonably expected in the future to have the means to pay" the costs. Appellant's appointed counsel did not object to, or seek a waiver of, such costs.

{¶3} Appellant appealed, raising the following as his sole assignment of error:

{¶4} [APPELLANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶5} Appellant argues his trial counsel was ineffective for not requesting that the trial court waive court costs at the sentencing hearing. He contends there was a reasonable probability the trial court would have waived court costs if counsel had made such a request and, in support of his argument, notes that he is indigent, received appointed counsel, is behind on his child support, and the trial court declined to impose a fine.

{¶6} "R.C. 2947.23(A)(1)(a) requires a trial court to impose the costs of prosecution against all convicted criminal defendants." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 13, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 14. While the statute requires a judge to assess costs against all convicted criminal defendants, "waiver of costs is permitted – but not required – if the defendant is indigent." *White* at ¶ 14. R.C. 2947.23(C) permits a trial court "to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or any time thereafter."

{¶7} Recently, the Ohio Supreme Court clarified the test that should apply when an indigent defendant makes an ineffective-assistance-of-counsel claim based on counsel's failure to request a waiver of court costs, stating that "a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in *Strickland* [*v. Washington*, 446 U.S. 668, 104 S.Ct. 2052 (1984)], for determining whether a defendant received ineffective assistance of counsel." *Davis*, 2020-Ohio-309 at ¶ 1. Under that standard, "to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance." *Id.* at ¶ 10, citing *Bradley* at ¶ 141-142 and *Strickland* at 687. "Thus, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Id.*, citing *Bradley* at paragraphs two and three of the syllabus. Where trial counsel has failed to request that the trial court waive court costs on behalf of a defendant who has previously been found indigent, "a determination of prejudice for purposes of an ineffective-assistance-of-counsel analysis depends upon whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made." *Id.* at ¶ 16.

{¶8} In his appellate brief, appellant does not address the deficiency prong of his ineffective-assistance-of-counsel claim. Instead, appellant focuses solely on the prejudice prong of the analysis. However, "both deficient performance and prejudice are required to justify reversal based on ineffective assistance of counsel." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, ¶ 259, citing *Strickland*, 466 U.S. at 687. The failure to satisfy either the deficiency prong or the prejudice prong of the test is fatal to a claim of ineffective

assistance of counsel.  *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶9}    It appears appellant would have this court presume deficient performance for counsel's decision not to seek a waiver of court costs.  We decline to do so.  As a number of our sister courts have noted, "'[t]rial counsel may have decided as a matter of strategy not to seek a waiver or modification of court costs until some later time' and '[s]trategic timing may now play a role in trial counsel's decision.'"  *State v. Elbin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 16, quoting *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 16 and *State v. Purifoy*, 2d Dist. Montgomery No. 28042, 2019-Ohio-2942, ¶ 28.  *See also State v. Miller*, 6th Dist. Wood No. WD-20-047, 2021-Ohio-3381, ¶ 18 (noting that trial counsel's decision not to request a waiver of court costs at sentencing and instead postpone it until later is a matter of trial strategy); *State v. Mihalis*, 8th Dist. Cuyahoga No. 104308, 2016-Ohio-8056, ¶ 33 (noting strategic timing plays a role in counsel's decision not to move for waiver of court costs at sentencing hearing); *State v. West*, 2d Dist. Greene No. 2015-CA-72, 2017-Ohio-7521, ¶ 31 (noting trial counsel may have decided as a matter of strategy not to seek waiver of court costs until a later date, when the court had time to reflect upon its sanctions or the vividness of the impact of the defendant's conduct had faded).  We agree with our sister courts.  "The timing of a motion seeking waiver of payment [of court costs] is a matter of trial strategy."  *Elbin* at ¶ 16, citing *State v. Southam*, 6th Dist. Fulton No. F-18-004, 2018-Ohio-5288, ¶ 67.  And "trial strategy, even debatable trial strategy, is not a basis for finding ineffective assistance of counsel." *State v. Gillespie*, 12th Dist. Warren No. CA2021-01-004, 2021-Ohio-3650, ¶ 70.

{¶10}    Here, appellant's trial counsel was focused on persuading the trial court that appellant was a good candidate for a community control sanction, rather than a prison term. Trial counsel emphasized appellant's desire to work, make payments on his child support, and obtain drug treatment.  Counsel argued, in relevant part, "[appellant's] expressed to me

his greatest desire is to keep any drug issues under control, stop them with intensive outpatient, but stay employed and not get behind on child support, which will just add to the stress that may drive him back to using. * * * [H]e'd like the chance to succeed or fail on Community Control." Based on counsel's statements at sentencing, counsel may have determined that appellant's interests would be best served by convincing the court to impose a less severe sentence, rather than prioritizing a waiver of court costs. This strategy, even if debatable, does not establish deficient performance or serve as the basis for an ineffective-assistance-of-counsel claim. *See State v. Holt*, 6th Dist. Lucas No. L-19-1101, 2020-Ohio-6650, ¶ 8-9 (finding counsel was not deficient for not asking for a waiver of court costs where counsel focused on convincing the court to impose a less severe sentence rather than prioritizing a waiver of court costs). Appellant has therefore failed to demonstrate trial counsel provided deficient performance by not filing a motion to waive court costs.

{¶11} Furthermore, even if we had concluded that trial counsel's failure to file a motion to waive court costs amounted to deficient performance, appellant could still not prevail on his ineffective-assistance-of-counsel claim as he has failed to demonstrate prejudice. Though appellant was indigent and received appointed counsel, was significantly behind in his child support obligations at the time of sentencing, and benefited from the trial court's waiver of a fine, the record in the present case lacks evidence demonstrating a reasonable probability that the trial court would have granted a request to waive court costs had one been made.

{¶12} As the Ohio Supreme Court noted in *Davis*, "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *Davis*, 2020-Ohio-309 at ¶ 15, citing *Dean*, 2015-Ohio-4347 at ¶ 233 and *State v. Smith*, 12th Dist. Warren No.

CA2010-06-057, 2011-Ohio-1188, ¶ 63-64 (an indigent defendant fails to show that there is a reasonable probability that the trial court would have waived costs when the trial court made a finding that the defendant had the ability to work and therefore had the ability to pay the costs I the future), *rev'd in part on other grounds*, 131 Ohio St.3d 297, 2012-Ohio-781. Moreover, the waiver of a fine based on indigency "does not by itself create a reasonable probability that the trial court would have granted a motion to waive court costs had one been made during [a defendant's] sentencing hearing." *State v. Parks*, 2d Dist. Montgomery No. 28827, 2021-Ohio-3946, ¶ 13.

{¶13} The record in the present case, which included the PSI, letters appellant sent to the trial court before sentencing, and statements defense counsel and appellant made to the court at the sentencing hearing, support the trial court's express finding that appellant was "reasonably expected in the future to have the means to pay" court costs. The PSI established that appellant was only 46 years old at the time of sentencing and he was in good health. Appellant had graduated from the Warren County Career Center with a plumbing certificate and he had been employed as a maintenance worker since 2017. Appellant indicated he had a desire to work and the hotel he had been working at was holding his job for him. Therefore, given the evidence of appellant's ability to work and earn an income, there is not a reasonable probability that the trial court would have waived court costs had defense counsel sought such a waiver at the sentencing hearing. Appellant cannot demonstrate prejudice. *See Parks* at ¶ 13 (finding it would be "at best speculative to find the trial court would have granted a motion to waive court costs" where the record demonstrated the defendant had the ability to work and earn an income); *State v. Ramsey*, 5th Dist. Licking No. 17-CA-76, 2020-Ohio-3107, ¶ 15-19 (finding a defendant could not demonstrate that his trial counsel caused prejudice by not moving to waive court costs where the record demonstrated the defendant had an ability to earn an income after his

release from prison).

{¶14}   Accordingly, for the reasons expressed above, we find appellant has failed to satisfy both the deficiency prong and the prejudice prong of his ineffective-assistance-of-counsel claim.   Appellant's claim of ineffective assistance of counsel is without merit and his sole assignment of error is overruled.

{¶15}   Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.