[Cite as *State v. Hiles*, 2021-Ohio-685.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2020-0039 |
| | : | |
| SHAWN HILES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                             Court of Common Pleas, case no.
                             CR2020-17


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      March 9, 2021


APPEARANCES:


For Plaintiff-Appellee:                For Defendant-Appellant:

D. MICHAEL HADDOX                      JAMES A. ANZELMO
MUSKINGUM CO. PROSECUTOR               ANZELMO LAW
TAYLOR P. BENNINGTON                   446 Howland Dr.
27 North Fifth St., P.O. Box 189       Gahanna, OH 43230
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Shawn Hiles appeals from the February 28, 2020 Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following facts are adduced from appellee's statement of facts at appellant's guilty plea hearing.

{¶3} The victim is the live-in girlfriend of appellant. On January 3, 2020, the victim came home to find appellant highly intoxicated. She went to bed around 7:45 p.m. but heard appellant entering and exiting the residence and arguing with his mother. Around 9:00 p.m., appellant awakened the victim by shoving her in the bed. Appellant then went into the living room and the victim heard a commotion. The victim went into the living room and discovered appellant had knocked over boxes and appeared to be assaulting his mother. The victim yelled at him to stop, but appellant grabbed her by the neck and strangled her. The victim's aunt called 911 and deputies responded to the residence. The aunt confirmed the victim's account. Appellant was interviewed and found to be highly intoxicated, although he denied attempting to hurt anyone.

{¶4} Appellant was charged by indictment with one count of domestic violence pursuant to R.C. 2919.25(A), a felony of the third degree. The indictment states appellant was previously convicted of domestic violence twice: to wit, Muskingum County Court case numbers CRB1500004 and CRB1500111.

{¶5} Appellant's trial counsel moved for an evaluation of his competency to stand trial as well as an evaluation of his mental condition at the time of the commission of the offense. Appellant was found to be capable of understanding the legal proceedings

against him and capable of assisting counsel in his own defense. Additionally, at the time of the offense, appellant was found to have a severe mental defect in the form of Mild Intellectual Disability, but not a severe mental disease. Moreover, appellant did know the wrongfulness of the act charged.

{¶6} On March 25, 2020, appellant entered a plea of guilty to an amended charge of domestic violence as a felony of the fourth degree.

{¶7} On April 27, 2020, appellant appeared for sentencing. The trial court noted appellant has a criminal history of violent offenses including domestic violence and assault. Appellant has also committed probation violations arising from those convictions. The trial court therefore found appellant is not amenable to community control and imposed a prison term of 17 months.

{¶8} Appellant now appeals from the trial court's sentencing Entry of April 25, 2020.

{¶9} Appellant raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶10} "I. THE TRIAL COURT UNLAWFULLY ORDERED SHAWN HILES TO SERVE A PRISON SENTENCE, INSTEAD OF COMMUNITY CONTROL, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶11} "II. HILES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

I.

{¶12} In his first assignment of error, appellant argues the trial court should have imposed a term of community control instead of prison. We disagree.

{¶13} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), governing all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. An appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶14} Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, 54 N.E.3d 1217, ¶ 1.

{¶15} Appellant argues a term of community control is more consistent with the purposes and principles of felony sentencing pursuant to R.C. 2929.11 and the record does not support appellant's prison term pursuant to R.C. 2929.12. Appellant argues he accepted responsibility for his actions and suffers from a diminished mental capacity, which are factors in favor of a less-severe sentence.

{¶16} We note, however, appellant committed an offense of violence against a family or household member, i.e., his relationship with the victim facilitated the offense. Despite appellant's assertions, we find no expression of genuine remorse in the record, nor has appellant cited any examples thereof. Appellant has two prior domestic violence convictions and three assault offenses, in addition to probation violations. Appellant entered a plea of guilty to domestic violence as an amended fourth-degree felony. A prison term was proper pursuant to R.C. 2929.13(F)(17) and the term of 17 months is within the statutory range for a fourth-degree felony pursuant to R.C. 2929.14(A)(4).

{¶17} We do not find appellant's sentence to be clearly and convincingly contrary to law or unsupported by the record. *Brandenburg*, supra, 2016-Ohio-2970, ¶ 1.

{¶18} Appellant's first assignment of error is overruled.

II.

{¶19} In his second assignment of error, appellant argues he received ineffective assistance of defense trial counsel because counsel failed to request that the trial court waive court costs. We disagree.

{¶20} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). "There are countless ways to provide effective

assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶21} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

{¶22} In the instant case, appellant argues he received ineffective assistance of trial counsel because counsel did not move the trial court to waive court costs. The Ohio Supreme Court recently held that when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in *Strickland*, supra, for determining whether a defendant received ineffective assistance of counsel. *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560. In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance. *Bradley*, 42 Ohio St.3d at 141-142; *Strickland*, 466 U.S. at 687. Thus, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *See Bradley* at

paragraphs two and three of the syllabus. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* at 142, quoting *Strickland* at 694.

{¶23} As an appellate court, we are instructed to "look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made." *Davis*, supra.

{¶24} In the instant case, appellant has failed to set forth any circumstances demonstrating prejudice; he merely asserts he "is indigent and unable to pay costs." Appellant's assertion fails to establish a reasonable probability that the trial court would have granted a motion to waive costs, had one been made.

{¶25} Appellant therefore has not demonstrated ineffective assistance of counsel and his second assignment of error is overruled.

## CONCLUSION

{¶26} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Baldwin, P.J. and

Wise, Earle, J., concur.