[Cite as *State v. McElfresh*, 2021-Ohio-480.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TIMOTHY MCELFRESH | : | Case No. 20-COA-019 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 19-CRI-239



JUDGMENT:                         Reversed and Remanded



DATE OF JUDGMENT:                 February 22, 2021



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                    BRIAN A. SMITH
110 Cottage Street                        755 White Pond Drive
3rd Floor                                 Suite 403
Ashland, OH  44805                        Akron, OH  44320

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Timothy McElfresh appeals the April 7, 2020 judgment of sentence and conviction of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

### Facts and Procedural History

{¶ 2}   A recitation of the underlying facts are unnecessary to our resolution of this appeal. On December 13, 2019, the Ashland County Grand Jury returned an indictment charging appellant with one count of possession of drugs, a felony of the third degree. The trial court appointed counsel for appellant at his initial appearance based on his responses to the trial court's questions regarding his finances and the fact that he receives Medicaid. On March 3, 2020, appellant entered a plea of guilty the indictment. On April 7, 2020, the trial court sentenced appellant to local incarceration, three years community control with various residential and non-residential conditions, and imposed a $5,000 mandatory fine.

{¶ 3}   Appellant now files an appeal challenging the imposition of the mandatory fine. He raises one assignment of error as follows:

I

{¶ 4}   "THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO FILE AN AFFIDAVIT OF INDIGENCY IN SUPPORT OF APPELLANT'S REQUEST TO HAVE THE MANDATORY FINE WAIVED, PURSUANT TO R.C. 2929.18(B)(1), CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION ON THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶ 5}   In his sole assignment of error, appellant argues his counsel provided ineffective assistance by failing to file an affidavit of indigency to support a request to have the mandatory fine waived in this matter, and further for failing to move to waive the fine. We agree.

{¶ 6}   To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." Strickland at 694, 104 S.Ct. 2052.

{¶ 7}   Because appellant frames his argument as an ineffective assistance of counsel challenge, we consider whether counsel's failure to file an affidavit resulted in prejudice. As we noted in *State v. Redden*, 5th Dist. Ashland No. 152 N.E.3d919, 2020-0hio-878 at ¶ 46: "A number of Ohio courts have recognized that failure to file an affidavit of indigency, under the right circumstances, can constitute prejudicial error. *E.g.*, *State v. Mendoza*, 6th Dist. Lucas App. No. L-94-242, 1995 WL 413143, at 3 (July 14, 1995); *State v. Joy*, 4th Dist. Lawrence App. Nos. 92 CA 24, 92 CA 30, 1993 WL 491325, at 3 (Nov. 24, 1993); *State v. Creech*, 4th Dist. Scioto App. No. 92 CA 2053, 1993 WL 235566 at 6 (June 29, 1993)."

{¶ 8} Also in *Redden* we noted if the record reflects a reasonable probability that the trial court would have waived the fine had an affidavit been properly filed, a finding of ineffective assistance of counsel may be appropriate. *Redden* at ¶ 47 quoting *State v. Sheffield*, 2nd Dist. Montgomery App. No. 20029, 2004-Ohio-3099, 2004 WL 1351161, at ¶ 14.

{¶ 9} Most recently, the Supreme Court of Ohio held " * * *when trial counsel fails to request that the trial court waive court costs on behalf of a defendant who has previously been found to be indigent, a determination of prejudice for purposes of an ineffective-assistance-of-counsel analysis depends upon whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 16.

{¶ 10} Here, appellant points to the fact that he was found indigent on November 27, 2019 at his initial appearance / bond hearing by virtue of the fact that the trial court appointed counsel. Appellant indicated he was self-employed doing home remodeling. This conversation followed:

> The Court: Do you have any savings or capital to carry over from one project to get some cash?
>
> [Appellant]: I have got about $400 or $500 on the outside, but I don't have anything with me.
>
> The Court: That is the extent of your cash assets, $400 to $500?

[Appellant}: Well, I have tools, I have tools and stuff I could off (sic), but as far as cash goes, yes.

The Court: Okay, what do you normally make a month from your employment, self-employment?

[Appellant]: About 12 or 14 hundred.

The Court: Anybody live with you?

[Appellant]: I stay with my mom, I stay with my mother.

The Court: Are you receiving any type of public assistance in the form of Ohio Works First, TANF Funds, Supplemental Security Income, Social Security Disability, any type of Medicaid insurance or –

[Appellant]: I get Medicaid, yes, sir.

The Court: Do you receive Medicaid?

[Appellant]: Yes, sir.

The Court: Well, that raises a presumption that you qualify for court appointed counsel. So that we can keep this thing moving because you qualify, and there is a presumption with your receiving Medicaid, I am going to appoint [counsel] to represent you * * *.

{¶ 11} Transcript of Skype Bond Setting, November 27, 2019 at 7-8.

{¶ 12} Appellant also points to his financial disclosure form filed December 2, 2019 which reflects his lack of adequate income or assets, and that he is a Medicaid recipient. He recognizes, however, that this court has previously found a financial disclosure form insufficient to support a waiver of a mandatory fine under R.C. 2929.18(B)(1). *E.g.*, *State*

*v. Bowen*, 5th Dist. Muskingum No. CT2017-0103, 2018-Ohio-4220 ¶ 67; *State v. Harris*, 5th Dist. Muskingum No. CT2018-0005, 2018-Ohio-2257, ¶ 37-42.

{¶ 13} However, appellant further points to his sentencing hearing regarding imposition of the $5000 fine:

> The Court: With regard to the financial sanctions, I am not going to assess any fines in this matter –
>
> [The State] Your Honor –
>
> The Court: Yes.
>
> [The State]: Unless I missed something –
>
> The Court: That there is a mandatory fine with this one since it's a Felony 3?
>
> [The State]: Yes, Your Honor.
>
> The Court: All right then I will be assessing that mandatory fine at this time because there is no affidavit of indigency regarding that, it's a $5000 mandatory minimum.

{¶ 14} Transcript of Sentencing, April 6, 2020 at 13.

{¶ 15} In *State v. Warren*, 5th Dist. Fairfield No. 18-CA-42, 2019-Ohio-2927, 2019 WL 3230870, we stated:

> We note that appellant was represented by appointed counsel. Thus, there was necessarily a determination made that he was indigent

under Chapter 120 of the Revised Code. While we recognize that there is a difference between indigency for the purposes of receiving appointed counsel and inability to pay a mandatory fine (See *Powell*, 78 Ohio App.3d at 789, 605 N.E.2d 1337), we note that the affidavit that was filed on December 20, 2017 indicated that appellant was unemployed, homeless and had no income.* * *

{¶ 16} *Warren* at ¶ 100.

{¶ 17} We find the situation here is similar to that in *Warren*. We further find the record in this matter reflects a reasonable probability that the trial court would have found appellant indigent had his trial counsel filed an affidavit of indigency before sentencing and would have waived the fine the trial counsel moved for waiver of the fines.

{¶ 18} Appellant's sole assignment of error is sustained.

{¶ 19} The judgment of the Ashland County Court of Common Pleas is reversed and remanded to the trial court to determine whether appellant is indigent for purposes of avoiding the $5,000 mandatory fine.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/rw