[Cite as *State v. Scott*, 2022-Ohio-2860.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GERALD G. SCOTT, | : | Case No. 21 CAA 09 0042 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                  Court of Common Pleas, Case No.
                                  20 CR I 12 0770



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 August 10, 2022




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MELISSA A. SCHIFFEL                       WILLIAM T. CRAMER
Delaware County Prosecuting Attorney      470 Olde Worthington Road, Suite 200
                                          Westerville, Ohio 43082

By: JAQUELINE JAEL RAPIER
Delaware County Assistant Prosecutor
145 N. Union Street, 3rd Floor
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}    Appellant, Gerald G. Scott, appeals the imposition of a mandatory fine by the Delaware County Court of Common Pleas, alleging that he received ineffective assistance of counsel.  The State of Ohio is Appellee.

## STATEMENT OF THE CASE AND THE FACTS

{¶2}    Appellant Gerald Scott was indicted for: (1) trafficking cocaine in amounts equaling or exceeding twenty-seven grams, but less than one hundred grams, in violation of R.C. 2925.03(A)(2)/(C)(4)(f), a first-degree felony; (2) possession of cocaine in amounts equaling or exceeding twenty-seven grams, but less than one hundred grams, in violation of R.C. 2925.11(A)/(C)(4)(e), a first-degree felony; (3) trafficking a Fentanyl-related compound in amounts less than one gram in violation of R.C. 2925.03(A)(l)/(C)(9)(a), a fifth degree felony; and (4) possession of a Fentanyl-related compound in amounts less than one gram in violation of R.C. 2925.11(A)/(C)(11)(a), a fifth degree felony. The trafficking counts included forfeiture specifications for $445 in cash under R.C. 2941.1417.

{¶3}    The facts leading to this indictment are unnecessary for the resolution of this appeal and are omitted.

{¶4}    The state and Scott entered into a written plea agreement whereby Scott entered a guilty plea to possession of cocaine and possession of a Fentanyl-related compound and agreed to the forfeiture (Indictment, Counts Two and Four) in exchange for an agreement that the trafficking counts be dismissed.  The trial court completed a plea colloquy in which Scott was informed of the mandatory minimum fine of $10,000.00. Scott raised no objections or concerns at the mention of the fine during the sentencing

hearing. At the conclusion of the colloquy, the trial court sentenced Scott to an aggregate term of six to nine years and imposed a fine of $10,000.00. Relevant to the appeal in this case, the trial court found that "the Defendant has the ability to pay all or some of the costs of any appointed-counsel fees in this case. If the Defendant was represented by a public defender, the Defendant must pay $300 or the full amount of the public-defender bill in this (whichever is less). This is a civil assessment and is not part of the Defendant's sentence." (Judgment Entry on Guilty Plea and Sentencing, April 19, 2021, p. 6).

**{¶5}** Scott filed a pro se "delayed" notice of appeal on September 1, 2021, and several related pleadings before this court granted leave to file a delayed appeal and remanded the matter to the trial court to appoint counsel. Counsel was appointed and a motion to supplement the record with the transcript was filed by Scott, then granted by this court. Scott followed with his brief and one assignment of error:

**{¶6}** "I. APPELLANT WAS DEPRIVED OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN APPOINTED COUNSEL FAILED TO FILE AN AFFIDAVIT OF INDIGENCY PRIOR TO SENTENCING TO WAIVE THE MANDATORY FINE."

### STANDARD OF REVIEW

**{¶7}** A properly licensed attorney is presumed competent. *State v. Hamblin,* 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v.*

*Washington,* 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶8} Because appellant frames his argument as an ineffective assistance of counsel challenge for failure to file an affidavit of indigency and seek waiver of the mandatory fine, we consider whether counsel's failure to file an affidavit and request waiver resulted in prejudice. As we noted in *State v. Redden,* 5th Dist., 152 N.E.3d 919, 2020-Ohio-878 at ¶ 46: "A number of Ohio courts have recognized that failure to file an affidavit of indigency, under the right circumstances, can constitute prejudicial error. *E.g., State v. Mendoza*, 6th Dist. Lucas App. No. L-94-242, 1995 WL 413143, at 3 (July 14, 1995); *State v. Joy,* 4th Dist. Lawrence App. Nos. 92 CA 24, 92 CA 30, 1993 WL 491325, at 3 (Nov. 24, 1993); *State v. Creech*, 4th Dist. Scioto App. No. 92 CA 2053, 1993 WL 235566 at 6 (June 29, 1993)."

{¶9} Also in *Redden* we noted if the record reflects a reasonable probability that the trial court would have waived the fine had an affidavit been properly filed, a finding of ineffective assistance of counsel may be appropriate. *Redden* at ¶ 47 quoting *State v. Sheffield*, 2nd Dist. Montgomery App. No. 20029, 2004-Ohio-3099, 2004 WL 1351161, at ¶ 14. *See State v. Davis,* 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 16.

{¶10} The filing of an affidavit of indigency is not necessarily conclusive evidence of ineffective assistance, because the Supreme Court of Ohio has held that even if an affidavit of indigency is timely and properly filed, a defendant "is not automatically entitled to waiver of that fine." *State v. Gipson*, 80 Ohio St.3d 626, 634, 1998-Ohio-659, 687

N.E.2d 750. There must be a showing that a defendant is unable to pay the fines, and there is no affirmative duty on the trial court to make a finding that a defendant is able to pay. *Id., syllabus.*

## ANALYSIS

{¶11} In his sole assignment of error, Scott contends he was deprived of his federal and state constitutional rights to the effective assistance of counsel when appointed counsel failed to file an affidavit of indigency prior to sentencing request waiver of the mandatory fine.  In support of his position Scott notes that he was already serving a prison term of thirty months for another drug conviction when he was indicted in this case and that he had appointed counsel in the prior case. He also offers the fact that counsel is appointed for him in this case. He notes that he filed a completed affidavit of indigency with the second pro se motion. That motion and affidavit was not considered by the trial court as the matter had previously been appealed and the trial court found it lacked jurisdiction. Further, a review of the record discloses there are no affidavits of indigency within the record despite the fact counsel was appointed, nor is there any evidence regarding appointment of counsel in unrelated matters.

{¶12} We first note that this sentence is the result of a plea agreement between the state and Scott which was approved by the court. During the colloquy the trial court described in detail the potential penalties including the mandatory $10,000 fine. Scott replied that he understood, that he had the opportunity to discuss the matter with his attorney and that he was satisfied with his representation. He did not object to the imposition of the fine and does not now claim that he was unaware that a fine would be part of his sentence.

**{¶13}** Scott entered into a written plea agreement in which he offered to enter a guilty plea in exchange for dismissal of one count of trafficking cocaine in amounts equaling or exceeding twenty-seven grams, but less than one hundred grams, in violation of R.C. 2925.03(A)(2)/(C)(4)(f), a first-degree felony and one count of trafficking in a Fentanyl-related compound in violation of section 2925.03 (A)(1), a fifth degree felony The plea agreement did not include a waiver of the fine.

**{¶14}** The fine to be imposed was mandatory, and Scott does not contend that his counsel failed to inform him of the fine prior to executing the plea agreement, so we must conclude that he was aware of the fine as well as the potential prison sentence and agreed to be subject to the same in exchange for the dismissal of the more serious charges. Now that he has received the benefit of his bargain he seeks to discredit the attorney who arranged to have two very serious charges dismissed and improve his position, without risking the loss of any benefit that he received from the plea deal. While this factor is not controlling, we find that it plays a role in whether it is probable that the trial court would have waived the fine had counsel filed the request and an affidavit of indigency.

**{¶15}** Appellant relies upon our decision in *State v. McElfresh,* 5th Dist. No. 20-COA-019, 2021-Ohio-480, 168 N.E.3d 71, where we noted that "* * * if the record reflects a reasonable probability that the trial court would have waived the fine had an affidavit been properly filed, a finding of ineffective assistance of counsel may be appropriate."

**{¶16}** *Id.* at ¶ 8. In *McElfresh* we adopted the analysis the Supreme Court of Ohio applied to failure to request that the trial court waive court costs. The Supreme Court of Ohio held "* * *when trial counsel fails to request that the trial court waive court costs on

behalf of a defendant who has previously been found to be indigent, a determination of prejudice for purposes of an ineffective-assistance-of-counsel analysis depends upon whether the facts and circumstances presented by the defendant establish that there is a reasonable probability that the trial court would have granted the request to waive costs had one been made." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 16.

**{¶17}** At his initial appearance, *McElfresh* was questioned by the trial court regarding his assets and income. At the conclusion of that conversation the court decided that he qualified for court appointed counsel. Of particular significance with regard to the imposition of the fine is the exchange that occurred during the sentencing hearing:

The Court: With regard to the financial sanctions, I am not going to assess any fines in this matter –

[The State] Your Honor –

The Court: Yes.

[The State]: Unless I missed something –

The Court: That there is a mandatory fine with this one since it's a Felony 3?

[The State]: Yes, Your Honor.

The Court: All right then I will be assessing that mandatory fine at this time because there is no affidavit of indigency regarding that, it's a $5000 mandatory minimum.

*State v. McElfresh*, 5th Dist. No. 20-COA-019, 2021-Ohio-480, 168 N.E.3d 71, ¶ 13.

{¶18} It is evident from this exchange that the trial court had no intent of imposing a fine until the state brought to his attention that the fine was mandatory. Even then, the mandatory fine was assessed expressly because there was no affidavit of indigency filed with the court prior to sentencing. From these facts we determined that it was probable the court would have waived the fine had trial counsel filed an affidavit of indigency and, that therefore, McElfresh was prejudiced and had received ineffective assistance of counsel.

{¶19} In *State v. Warren*, 5th Dist. Fairfield No. 18-CA-42, 2019-Ohio-2927, ¶ 85, "[a]t the sentencing hearing, the trial court imposed $6,450.00 in fines, but suspended the fines due to appellant's indigency and stated that it was going to give appellant time to pay the fines." Warren had filed an affidavit of indigency several months prior to his sentencing which indicated that he was unemployed, homeless and had no income. The presentence investigation report did not contain any information about his medical work history but it did detail his extensive criminal history. Based upon those facts we found that there was a reasonable probability that the trial court would have found defendant indigent had trial counsel filed an affidavit prior to sentencing and that trial counsel was ineffective for failing to move for waiver of the fines.

{¶20} Scott's case is factually distinguishable from *McElfresh* and *Warren*. First, we find no affidavit in the trial court's record. We can conclude that there was, at some time, a finding that Scott qualified for appointed counsel but we do not have any detail from a signed affidavit of indigency from the trial court record.

{¶21} The parties in this case waived the completion of a presentence investigation. The trial court carefully explained the purpose and expected content of a

presentence investigation report, but the parties agreed that none was necessary and that they wished to proceed directly to sentencing without waiting for the completion of a report. The record contains little information regarding Scott's criminal history, and there is not a presentence investigation that "indicates appellant was unemployed with no assets prior to sentencing." *State v. Redden*, 5th Dist. No. 19-COA-026, 2020-Ohio-878, 152 N.E.3d 919, ¶ 49.

**{¶22}** Further, the trial court issued a finding in this case related to his financial status.  The trial court ordered Scott to "pay the costs of the prosecution of this case for which execution was awarded" and further that "that the Defendant has the ability to pay all or some of the costs of any appointed-counsel fees in this case. If the Defendant was represented by a public defender, the Defendant must pay $300 or the full amount of the public-defender bill in this (whichever is less). This is a civil assessment and is not part of the Defendant's sentence." (Judgment Entry on Guilty Plea and Sentencing, April 19, 2021, p. 4, 6).

**{¶23}** Scott relies upon the fact that the court appointed counsel to represent him to establish his indigency and the ineffectiveness of his counsel for the failure to request that the mandatory fine be waived. As we have noted above, a finding of indigency does not automatically entitle Scott to a waiver of the mandatory fine. Instead, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent *and* is unable to pay the mandatory fine." (Emphasis added.) *State v. Bowen*, 5th Dist. Muskingum No. CT2017-0103, 2018-Ohio-4220, ¶ 65.  Scott has offered some evidence of his indigency, but has not pointed to any evidence in the record that would support a conclusion that there is a reasonable probability that the trial court would conclude that he was unable to

pay the fine.  There are no comments from the trial court similar to *McElfresh* nor suspension of fines due to indigency as noted in *Warren.* We find that the record supports the  conclusion that it is not probable that the fine would be waived.

**{¶24}** The record shows that the court was aware of the need to review Scott's ability to pay when it imposed costs and attorney fees in its sentencing entry.  Further, Scott bargained for the result that he received.  He is not a victim of ineffective assistance, but benefited from his counsel's ability to negotiate an agreement that avoided a significantly longer prison sentence.  The presence of those factors and the absence of any evidence to support a finding that the trial court would probably waive fines lead to the conclusion that Scott's counsel was not ineffective.

**{¶25}** Scott's assignment of error is overruled and the decision of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.