[Cite as *State v. Baker*, 2023-Ohio-1258.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | Case No. 22 CAA 06 0049 |
| WILLIAM BAKER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:        Appeal from the Delaware County Court of
                                 Common Pleas, Case No. 21 CR I 120701

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          April 18, 2023

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

MELISSA A. SCHIFFEL                      WILLIAM T. CRAMER
Delaware County, Ohio                    470 Olde Worthington Road – Suite #200
Prosecuting Attorney                     Worthington, Ohio 43082

JAQUELINE JAEL RAPIER
Delaware County, Ohio
Assistant Prosecuting Attorney
145 N. Union Street, 3rd Floor
Delaware, Ohio 43015

*Hoffman, P.J.*

**{¶1}**　Defendant-appellant William J. Baker appeals the judgment entered by the Delaware County Common Pleas Court convicting him following his plea of guilty to aggravated possession of drugs (R.C. 2925.11(A)) and sentencing him to a term of three to four and one-half years incarceration with a mandatory fine of $7,500. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**　In May of 2021, Delaware Police responded to a report of a suspicious male in Mingo Park. Officers found Appellant at the park, and Appellant appeared to be under the influence of drugs. Appellant's speech was slurred, and his eyes were droopy. Appellant was arrested on a probation violation. A search of his vehicle uncovered several lighters, pieces of foil, a pipe, a false WD-40 can with a removable bottom which contained a bag of a white substance, and a bottle of falsified urine. Testing of some of the seized items showed the presence of fentanyl and methamphetamine.

**{¶3}**　Appellant was indicted by the Delaware County Grand Jury with aggravated possession of drugs, aggravated trafficking in drugs, and possession of fentanyl.

**{¶4}**　Appellant pled guilty to aggravated possession of drugs, and the State entered a nolle prosequi on the remaining two charges. The trial court sentenced Appellant to a term of incarceration of three to four and one-half years, and imposed a mandatory fine of $7,500. It is from the May 16, 2022 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I. APPELLANT WAS DEPRIVED OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN APPOINTED COUNSEL FAILED TO FILE AN AFFIDAVIT DEMONSTRATING INDIGENCY OR OTHERWISE REQUEST A WAIVER OF THE MANDATORY FINE.

II. INDEFINITE PRISON TERMS IMPOSED UNDER THE REAGAN TOKES LAW VIOLATE THE JURY TRIAL GUARANTEE, THE DOCTRINE OF SEPARATION OF POWERS, AND DUE PROCESS PRINCIPLES UNDER THE FEDERAL AND STATE CONSTITUTIONS.

I.

{¶5}  In his first assignment of error, Appellant argues his trial counsel was ineffective for failing to file an affidavit of indigency and request waiver of the mandatory fine of $7,500.

{¶6}  A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).  In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  *Id.*

{¶7} R.C. 2929.19(B)(5) states, "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." The Ohio Supreme Court has held even if an affidavit of indigency is timely and properly filed, a defendant "is not automatically entitled to waiver of that fine." *State v. Gipson,* 80 Ohio St.3d 626, 634, 1998-Ohio-659, 687 N.E.2d 750. There must be a showing the defendant is unable to pay the fines, and there is no affirmative duty on the trial court to make a finding a defendant is able to pay. *Id.* at syllabus.

{¶8} As this Court noted in *State v. Redden*, 5th Dist., 152 N.E.3d 919, 2020-Ohio-878, ¶ 46, "A number of Ohio courts have recognized that failure to file an affidavit of indigency, under the right circumstances, can constitute prejudicial error*. E.g., State v. Mendoza*, 6th Dist. Lucas App. No. L-94-242, 1995 WL 413143, at 3 (July 14, 1995); *State v. Joy*, 4th Dist. Lawrence App. Nos. 92 CA 24, 92 CA 30, 1993 WL 491325, at 3 (Nov. 24, 1993); *State v. Creech,* 4th Dist. Scioto App. No. 92 CA 2053, 1993 WL 235566 at 6 (June 29, 1993)." If the record reflects a reasonable probability the trial court would have waived the fine had an affidavit been properly filed, a finding of ineffective assistance of counsel may be appropriate. *Redden* at ¶47, *quoting State v. Sheffield*, 2nd Dist. Montgomery App. No. 20029, 2004-Ohio-3099, 2004 WL 1351161, ¶14, *State v. McElfresh*, 5th Dist. No. 20-COA-019, 2021-Ohio-480, 168 N.E.3d 71, ¶8.

{¶9} Appellant argues the instant case is similar to *Redden*. In *Redden*, this Court found a reasonable probability the trial court would have waived the fine had counsel filed an affidavit of indigency where the presentence investigation report demonstrated Redden was unemployed with no assets.

{¶10} In the instant case, Appellant argues the presentence investigation notes he lived with his mother prior to his arrest and planned to live with her after he was released from prison, and his only asset was a car worth $500. He argues while he was employed for a few months in 2021, he was not employed at the time of his arrest. He received a financial allowance from his father. He also argues the presentence investigation demonstrated he had a serious drug problem including daily use of heroin, fentanyl, and opioids, as well as weekly use of marijuana and methamphetamine, which would make it difficult for him to pay a fine. Appellant argues these circumstances, combined with the fact he was indigent for purposes of appointed counsel, demonstrate a reasonable probability had trial counsel filed a proper affidavit of indigency in this case, the trial court would have waived the mandatory fine.

{¶11} We find Appellant has not demonstrated a reasonable probability the trial court would have waived the mandatory fine in the instant case. The trial court noted during sentencing Appellant was 35 years old and a high school graduate, and Appellant lost a job in 2021 as a result of his drug use. Although Appellant was unemployed and living with his mother at the time of his arrest, the trial court is not required to waive the fine simply because a defendant is unable to pay at the time of sentencing.

{¶12} Appellant's prior record included convictions of possession of marijuana, vehicular manslaughter, unauthorized use of a vehicle, and breaking and entering. He had violated terms of supervision in some of the earlier cases, and tested positive for drugs several times while under pretrial supervision in the instant case. The State and Appellant jointly recommended a minimum prison sentence in this case, which for a second degree felony is a minimum term of two years. However, the trial court imposed

a minimum term of three years  rather than following the sentencing recommendation of the parties.  Based on Appellant's past criminal history, as well as the fact he was a high school graduate, thirty-five years old, and previously employed, we find Appellant has not demonstrated a reasonable probability the trial court would have waived the fine had an affidavit of indigency been properly filed.  We find Appellant has not demonstrated counsel was ineffective.

{¶13}  The first assignment of error is overruled.

II.

{¶14}  In his second assignment, Appellant argues the Reagan Tokes Act, under which he was sentenced, is unconstitutional.  For the reasons stated in this Court's opinion in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, 2022 WL 1439978, we find the Reagan Tokes act is constitutional.

{¶15} The second assignment of error is overruled.

{¶16} The judgment of the Delaware County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur