[Cite as *State v. Shafer*, 2026-Ohio-1586.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-38 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 TRC 04074 |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| TYLER C. SHAFER | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 1, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

TUCKER, J., and HANSEMAN, J., concur.

OPINION

COLIN P. COCHRAN, Attorney for Appellant
ANDREW H. JOHNSTON, Attorney for Appellee

LEWIS, P.J.

{¶ 1} Defendant-appellant Tyler C. Shafer appeals from his conviction in the Miami County Municipal Court following his guilty plea to one count of reckless operation. For the following reasons, the judgment of the trial court is affirmed.

## I.  Course of Proceedings

{¶ 2} On June 9, 2025, Shafer was issued a traffic citation and charged with one count of having physical control of a vehicle while under the influence in violation of R.C. 4511.194, a first-degree misdemeanor. Shafer pleaded not guilty at his arraignment and obtained counsel.

{¶ 3} On September 9, 2025, Shafer entered a negotiated guilty plea to an amended charge of reckless operation, a fourth-degree misdemeanor. The trial court found Shafer guilty and sentenced him to serve 30 days in the local jail, with 28 days suspended pending completion of probation conditions. The trial court further ordered him to complete a drug and alcohol evaluation along with any follow up and to pay a $100 fine. Shafer timely appealed.

## II.  Assignment of Error

{¶ 4} Shafer's sole assignment of error states:

APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF

COUNSEL GUARANTEED BY THE SIXTH AMENDMENT AND ARTICLE I,

SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION RESULTING IN AN INVOLUNTARY GUILTY PLEA.

{¶ 5} Shafer argues that he received ineffective assistance of trial counsel because his counsel coerced him into entering a guilty plea, which made his plea less than knowing and voluntary. Shafer further claims that he was prejudiced because he would not have entered a guilty plea but for his attorney's "relentless pressure" to plead guilty.

{¶ 6} We review alleged instances of ineffective assistance of counsel under the two-prong analysis found in *Strickland v. Washington*, 466 U.S. 668 (1984), which the Ohio Supreme Court adopted in *State v. Bradley*, 42 Ohio St.3d 136 (1989). "In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance." *State v. Davis*, 2020-Ohio-309, ¶ 10, citing *Bradley* at 141-142 and *Strickland* at 687. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

{¶ 7} A plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). Consequently, "[a] plea of guilty waives any claim that the accused was prejudiced by ineffective assistance of trial counsel, except to the extent that the ineffectiveness alleged may have caused the guilty plea to be less than knowing, intelligent, and voluntary." *State v. Stivender*, 2011-Ohio-247, ¶ 15 (2d Dist.), citing *State v. Barnett*, 73 Ohio App.3d 244 (2d Dist. 1991).

{¶ 8} Upon review, the record does not reflect any ineffective assistance of trial counsel that affected the validity of Shafer's guilty plea. The record does not contain a transcript of the plea hearing and sentencing held on September 9, 2025, and Shafer does

3

not cite any portion of the record that demonstrates his plea was other than knowing, intelligent, and voluntary. The absence of a plea transcript requires us to presume the regularity of the proceedings in the trial court. *State v. Tunstall*, 2010-Ohio-4926, ¶ 12 (2d Dist.). Further, the written plea form in the record indicates that Shafer was properly advised of all his rights and that he was satisfied with his attorney's advice. As a result of his negotiated plea, Shafer received a reduced charge and faced a lesser maximum possible sentence. Nothing in the record before us reflects that Shafer's trial counsel acted deficiently or that Shafer's guilty plea was less than knowing, intelligent, and voluntary.

{¶ 9} To the extent Shafer's argument relies on evidence outside the record, we cannot consider it, as we are limited to reviewing the record that was before the trial court. *State v. Ismail*, 54 Ohio St.2d 402, 405-406 (1978). Therefore, any off-the-record events or conversations that occurred will not support an ineffective assistance of counsel claim on a direct appeal, such as this case. *State v. King*, 2024-Ohio-4705, ¶ 10 (2d Dist.).

{¶ 10} Shafer's assignment of error is overruled.

### III. Conclusion

{¶ 11} Having overruled the assignment of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.

4